```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF TEXAS
                FORT WORTH DIVISION


UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
   VS.                           ) No. 4:23-CR-061-Y-1
                                 )
MARK ANTHONY KIRKLAND,           )
                                 )
            Defendant.           )
_____)


               SENTENCING HEARING
       BEFORE THE HONORABLE TERRY R. MEANS
       UNITED STATES SENIOR DISTRICT JUDGE
                OCTOBER 10, 2023
                 FORT WORTH, TEXAS
```

FOR THE PLAINTIFF:

    SHAWN SMITH
    UNITED STATES ATTORNEY'S OFFICE
    801 Cherry Street, Unit 4
    Fort Worth, TX  76102
    (817) 252-5227


FOR THE DEFENDANT:

    VINCENT E. WISELY
    LAW OFFICE OF VINCENT WISELY, ATTORNEY AT LAW
    325 N. St. Paul Street, Suite 3100
    Dallas, TX  75201
    (214) 802-5516

    Proceedings reported by mechanical stenography; transcript produced by computer-aided transcription.

_____

```
         DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
              Federal Official Court Reporter
            1100 Commerce Street, 15th Floor
                   Dallas, TX  75242
                     (214) 753-2325
```

1        (PROCEEDINGS BEGAN AT 10:33 AM.)

2        THE COURT:  Next before the Court is the sentencing of

3   Mark Anthony Kirkland in Case No. 4:23-CR-061-Y-(2).

4        Are the parties ready to proceed?

5        MR. SMITH:  Yes, Your Honor.  Good morning.

6   Shawn Smith with the United States.  The Government's ready.

7        THE COURT:  Good morning, sir.

8        MR. WISELY:  Yes, Your Honor.  Vince Wisely for

9   Mark Kirkland, and we are ready to proceed.

10       THE COURT:  Thank you, sir.

11       Mr. Kirkland, please acknowledge your presence in court

12  for the record by stating your full name.

13       THE DEFENDANT:  Mark Anthony Kirkland.

14       THE COURT:  Mr. Kirkland, you appeared before

15  Magistrate Judge Hal R. Ray, Jr., on June 14, 2023, at which time

16  you entered a plea of "guilty" to Count One of the Superseding

17  Information charging you with Conspiracy to Possess with Intent

18  to Distribute a Controlled Substance; in violation of 21

19  United States Code Section 846 and 21 United States Code Sections

20  841(a)(1) and (b)(1)(C).

21       On that date, Judge Ray found that your plea of

22  "guilty" was a knowing and voluntary plea supported by an

23  independent basis in fact containing each of the essential

24  elements of the offense.

25       You told him at that time that you understood the

1  elements of the offense, agreed to the accuracy of the Factual
2  Resume, and admitted that you committed all essential elements of
3  the offense.
4          Accordingly, on June 29, 2023, I entered an Order
5  accepting your plea and adjudging you guilty of the crime alleged
6  in the Superseding Information against you.
7          This plea of "guilty" was taken pursuant to a Plea
8  Agreement, and I have reviewed that Plea Agreement and the charge
9  to which you have pled "guilty," and I have determined that that
10 charge does adequately reflect the seriousness of your actual
11 offense behavior, so that accepting the Plea Agreement will not
12 undermine the statutory purposes of sentencing.
13         Also, all relevant conduct has been taken into
14 consideration in the calculation of the Total Offense Level.
15         Therefore, the Plea Agreement is accepted and the
16 judgment and sentence will be consistent with it.
17         Mr. Wisely, did you and your client receive in a timely
18 manner a copy of the Presentence Report?
19         MR. WISELY:  Yes, Your Honor.
20         THE COURT:  And did you have an opportunity to review
21 it carefully with Mr. Kirkland?
22         MR. WISELY:  Yes, Your Honor.
23         THE COURT:  Did the Government receive it timely?
24         MR. SMITH:  Yes, Your Honor.
25         THE COURT:  There being no objections to the fact

1  findings in the Presentence Report, I adopt those findings as my
2  own.  And there being no objections to the probation officer's
3  conclusions set forth in the report as to the appropriate
4  guideline calculations, I adopt those conclusions and determine
5  that the appropriate guideline calculations are:  Total Offense
6  Level -- one moment -- 31, Criminal History Category VI,
7  imprisonment range 188 to 235 months, supervised release range of
8  three years, and a fine range of 30,000 to one million dollars,
9  plus the costs of imprisonment and supervision.
10          Before I pronounce the sentence, Mr. Wisely, do you
11  wish to make any remarks on behalf of Mr. Kirkland?
12          MR. WISELY:  Briefly, Your Honor.
13          THE COURT:  Go ahead, sir.
14          MR. WISELY:  Your Honor, we are asking for the bottom
15  end of the guideline range or the adjusted guideline range, I
16  should say, after the Court's ruling on the pending motion.
17          In general, with regard to mitigation, I think it is
18  important to note that 100 percent of the drugs that Mr. Kirkland
19  has been held accountable for in this case come from statements
20  that estimate quantities and frequencies and so forth,
21  Your Honor.  There were no transactions in this case or
22  controlled purchases or anything like that.  In fact, the case
23  was essentially built upon one statement, and a federal arrest
24  warrant was issued based on that one statement, and that
25  essentially became the case.  And that statement involved 1500

1 grams or 1.5 kilograms, putting him at a Base Level 30.

2 And then a year later, after the federal arrest warrant
3 had already been pending, then another statement was taken that
4 increased that quantity or estimated quantity by 9000 grams, nine
5 kilos. So that had the effect of increasing his Base Offense
6 Level by four points.

7 So I think that's important to note. That particular
8 statement came from a separate unrelated case, although I do
9 acknowledge, and it certainly isn't dispute and has not been
10 disputed, that there can be parallels and connections made with
11 respect to this.

12 THE COURT: Well, the 9000 -- Was it 9000 grams -- It
13 was 9000 grams, --

14 MR. WISELY: Yes.

15 THE COURT: -- wasn't it?

16 MR. WISELY: Yes, Your Honor.

17 THE COURT: It hasn't been disputed either.

18 MR. WISELY: No.

19 THE COURT: Okay.

20 MR. WISELY: It hasn't been disputed. We did not file
21 any objections. I believe that those objections would have been
22 frivolous and would have harmed my client.

23 Again, I think there certainly is -- Based on the
24 investigation and how long the investigation has been going on
25 with certain individuals, I think there could be some connections

1   made by the agents and by the Government.  So, no, I did not --
2            THE COURT:  Okay.
3            MR. WISELY:  -- file that.  But I did think ---
4            THE COURT:  You did mention a motion, though.  What
5   motion were you talking about?
6            MR. WISELY:  That was a motion filed actually just this
7   morning by the Government.
8            THE COURT:  I don't have that.
9            MR. WISELY:  Oh, it's under seal, Your Honor.  So if I
10  mention it, I would ask for the sentencing proceedings to also be
11  under seal.
12           THE COURT:  Okay.
13           MR. WISELY:  Could you step -- gentlemen step forward,
14  please.
15           (Counsel meeting with the Court at the bench off the
16  record).
17           (Pause)
18           THE COURT:  All right.  Let me back up and make sure
19  that I allowed you to finish what you wanted to say, Mr. Wisely.
20           MR. WISELY:  Yes, Your Honor.
21           THE COURT:  Did you get to finish?
22           MR. WISELY:  Not with my entire statement but with that
23  one comment, yes, Your Honor.
24           THE COURT:  Okay.  Go ahead and finish then.
25           MR. WISELY:  Okay.  Finish my ---

1        THE COURT:  Yes.

2        MR. WISELY:  So in addition to that, Your Honor, just

3 quickly with respect to the nature and circumstances of the

4 offense, the -- that is what I offer with regard to the -- the

5 statements given and the estimations being used as the basis for

6 the accountable drugs.

7        Second, with regard to the personal history and

8 characteristics of the Defendant, Your Honor, I would reference

9 Paragraph 81, Page 21 of the PSR, which does describe some abuse

10 that Mr. Kirkland suffered as a child which, I believe, is

11 significantly relevant.  Certainly does relate to the fact that

12 he did have or did begin a series -- a period of substance abuse

13 that has lasted into his adult years, beginning at age 12, which

14 I believe were directly related to the abuse or at least I think

15 the inference can reasonably be made.

16        So that -- that is all I had with regard to the nature

17 and circumstances of the offense, the personal history and

18 characteristics of the Defendant.

19        There is an anticipated state charge, Your Honor, that

20 we would be asking the Court's discretion on with regard to

21 concurrency.

22        And as far as placement is concerned, Your Honor, I

23 believe Mr. Kirkland will be asking that more specifically of you

24 in his allocution, and that's all I have.

25        THE COURT:  Thank you, sir.

1          Mr. Kirkland, do you wish to speak on your own behalf
2   or present any information in mitigation of your sentence?
3          THE DEFENDANT:  Yes, Your Honor, I do.
4          THE COURT:  Are you going to read?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Just go slow enough so I can keep up with
7   you and my court reporter can take it down.
8          THE DEFENDANT:  Yes, sir.  Okay.
9          I want to start by saying:  I'm sorry.  I'm supposed to
10  be a positive role model to friends and family and my local
11  community as a whole.  I've always prided myself on being someone
12  you come to for advice or solving a problem or if you need help
13  with around-the-house repairs or fixing your car.
14         I know now that helping people feed their addictions is
15  not helping them at all.  Drugs destroy lives and tear families
16  apart.  I used to reason with myself that it was okay to sell
17  drugs because if they don't get them from me, they'll just go up
18  the street and get them from someone else, but now I know that's
19  not right.  In fact, I'm devastated and ashamed of my actions
20  that have resulted in me standing in front of this courtroom
21  today charged with conspiracy.
22         My mother raised me better than this with good morals
23  and values.  My father hasn't been in my life.  My father hasn't
24  been in my life since I was 11 due to a 30-year prison sentence
25  for several counts of child molestation.  My sister and I were

1  his victims, and we both went through years of abuse.

2          I started smoking pot shortly after this.  And by the
3  time I was 18, I was using harder drugs regularly.

4          Drugs and drug use caused me to be a criminal.  Drugs
5  have taken my freedom and me away from my family that loves and
6  needs me and, while I was in my addiction, made me someone that
7  I'm not.

8          I can assure you, Your Honor, I'm through with drugs
9  and anyone who has anything to do with them.  I'm going to use
10 this time of incarceration, Your Honor, as a stepping stone to
11 make me the best me I can be.  I'm going to take classes on
12 drugs, drug addiction to learn coping skills and cognitive
13 thinking so I can deal with problems when they come my way as
14 well as learn to live life on life's terms.  I will be a good
15 father, husband, son, employee, neighbor -- and neighbor when I'm
16 finally released, Your Honor.

17         Okay.  Now I'm asking you to consider two things,
18 Your Honor.  My mother and stepfather are 70 years old.  They are
19 raising my 14-year-old daughter in Gulfport, Mississippi.
20 However, my fiancé and 7-month-old daughter live here in -- live
21 in Mineral Wells, Texas.  FCI Oakdale is in Louisiana which is
22 half-way between here and Fort Worth.  And in order to keep a
23 healthy relationship with my family that I have in Fort Worth and
24 in Mississippi, I have a daughter in both places, it would help
25 me considerably if I was housed at FCI Oakdale.

1            Also, I have one state charge pending, and I pray that
2  you can find it in your heart, Your Honor, to run my time
3  concurrent.  And I give you my word I will not let this courtroom
4  or my family down again.
5            I thank you, Your Honor, and this courtroom for
6  allowing me to read this, and I pray you have mercy on me.
7            Thank you.
8            THE COURT:  Oakville is -- Did you say in Louisiana?
9            THE DEFENDANT:  Yes, sir.  I believe it's "Oakdale."
10 It's in Louisiana, I believe, yes, sir.
11           THE COURT:  "Oakdale"?
12           THE DEFENDANT:  Oakdale, yes, sir.
13           THE COURT:  I'm sorry.
14           (Pause)
15           THE DEFENDANT:  Yes, sir.  Sorry.
16           THE COURT:  You have one of the longest criminal
17 histories or most significant criminal histories that I've seen.
18 You're not -- You're in the top ten percent of that, I guess.
19           What should I conclude about that about you?
20           THE DEFENDANT:  Since I was young, I've been getting in
21 trouble, and I do have a lengthy criminal history.  I would -- I
22 would like to think it's a lot of minor stuff that's added up.  I
23 mean I've never had any violent charges.  I've never had any sex
24 charges.  I've never -- I'm not a violent person.  I've used
25 drugs.  When I was younger, I would steal people's stuff to get

1 them.  I mean most of my charges were minor drug charges and
2 theft charges.  I mean that's -- That's all I'm going to say
3 about that.
4         THE COURT:  I'm reviewing it right now.
5         (Pause)
6         THE COURT:  All of these burglary of --
7         THE DEFENDANT:  Of vehicles?
8         THE COURT:  -- vehicles, all those and thefts, that
9 sort of thing, was that to support a drug habit?
10         THE DEFENDANT:  Yes, sir.  And most of those were on
11 like on one night I broke into several cars --
12         THE COURT:  Yeah.
13         THE DEFENDANT:  -- and was charged for all of them.
14 And that's what a lot of my record is is multiple things I did in
15 one, I guess you would say, episode.
16         THE COURT:  Yeah.  Your first one was possession of
17 marijuana, under two ounces, at age 18.
18         THE DEFENDANT:  Yes, sir.
19         (Pause)
20         THE DEFENDANT:  Can I say one thing, Your Honor?
21         THE COURT:  Yes, sir, please.
22         THE DEFENDANT:  This might sound kind of strange, but
23 when my dad went to prison, I was like 13.  I don't know why but
24 I just knew that I was going to go to prison one day.
25         THE COURT:  I'm sorry.  I didn't understand you.

1       THE DEFENDANT:  I didn't know why -- I don't know why,
2  but I just knew that one day I was going to go to prison, I mean,
3  because that's where my dad was at.  And as I got a little older,
4  I learned about recidivism, and it turns out that 85 percent of
5  kids, you know, that have an immediate family member, you know,
6  go to prison, and I guess that's -- maybe that's my -- I'm not
7  saying that's an excuse why I went.  It's just -- I don't know.
8  It's just kind of weird.
9       THE COURT:  I'm not sorry you told me that.  I'm in a
10 tough spot here because you've got an impressive criminal record
11 and, yet, you seem very bright and competent.  And you're right;
12 there's no violence.
13      Does the Government disagree about that?  Is there any
14 violence that you can see?
15      MR. SMITH:  Not necessarily violence, Your Honor, but
16 he's got two evadings --
17      THE COURT:  Yeah.
18      MR. SMITH:  -- that were kind of back to back, one of
19 them in '15 and one of them in '16.  They're -- They're separate
20 offenses and separate interactions with the police.
21      THE COURT:  Yeah.  Okay.  Does the Government wish to
22 be heard otherwise?
23      MR. SMITH:  No, Your Honor.
24      THE COURT:  Then I'll now state the sentence determined
25 after consideration of all the factors set out in Title 18,

1    United States Code, Section 3553(a), including especially the
2    advisory *Sentencing Guidelines* issued by the Sentencing
3    Commission and the conduct admitted by Mr. Kirkland in his
4    Factual Resume.  The attorneys will have a final chance to make
5    legal objections before sentence is finally imposed.
6             It is the judgment of the Court that the Defendant,
7    Mark Anthony Kirkland, in Case No. 4:23-156, Case No.
8    4:23-CR-061-Y-(02) -- let me do that one more time --
9    4:23-CR-061-Y-(02), be committed to the custody of the Federal
10   Bureau of Prisons for a period of 156 months.
11            This sentence shall run consecutively to any future
12   sentence that may be imposed in the Defendant's pending parole
13   revocations in Case Nos. 1420416D, 1454195W, and 1454760W in
14   Criminal District Court No. 1, Tarrant County, Texas.
15            Additionally, this sentence shall run consecutively --
16   did we mean consecutively or concurrently on that?
17            (The Court meeting with probation officer off the
18   record.)
19            THE COURT:  Additionally, this sentence shall run
20   consecutively to any future sentence that may be imposed in Case
21   No. 1714144D in Criminal District Court No. 3, Tarrant County,
22   Texas.
23            I recommend that Mr. Kirkland be incarcerated at FCI
24   Oakdale; Oakdale, Louisiana.  I'm told there are two separate
25   portions of that prison, I and II, and I presume they'll decide

1   which one to go to.  I can't make a recommendations as to which
2   it is.
3           THE DEFENDANT:  Thank you, Your Honor.
4           THE COURT:  One is probably a different security level
5   than the other.
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  The Court does not order a fine or cost of
8   incarceration because Mr. Kirkland does not have the financial
9   resources or future earning capacity to pay a fine or cost of
10  incarceration.
11          Restitution is not ordered because there's no victim
12  other than society at large.
13          Upon release from imprisonment, Mr. Kirkland shall be
14  on supervised release for a term of three years.
15          While on supervised release, he shall comply with the
16  Standard Conditions recommended by the United States Sentencing
17  Commission at Section 5D1.3(c) of the *Sentencing Commission*
18  *Guidelines Manual* and comply with certain other conditions that
19  have been set out in a separate Order signed by me this day,
20  offered to Mr. Kirkland for his review and signature, and he has
21  now returned that Order to the Court with his signature,
22  indicating his receipt of those other conditions, his
23  understanding of them, his waiver of having them read here in
24  open court, and his agreement to be bound by them and subject to
25  revocation for any violation of them.

1               In addition, he is ordered to pay a Mandatory Special

2   Assessment of $100.

3               This sentence is a downward variance based upon the

4   motion of the Government -- I meant downward departure.  Pardon

5   me.  A sentence of 156 months is sufficient, but not greater than

6   necessary, to comply with the purposes set forth in Paragraph 2

7   of Section 3553(a); that is, reflect the seriousness of and

8   provide just punishment for the offense, promote respect for the

9   law, afford adequate deterrence to criminal conduct, and protect

10  the public from further crimes of the Defendant.

11              I have now stated the sentence and the reasons

12  therefor.  I call upon the parties to indicate any legal reason

13  why sentence may not be imposed as stated.

14              MR. SMITH:  No objection, Your Honor.

15              MR. WISELY:  No objection, Your Honor.

16              THE COURT:  Sentence is then imposed as stated.

17              Does the Government have a motion?

18              MR. SMITH:  The Government moves to dismiss the

19  Indictment filed on March 8th, 2023, as to this defendant only.

20              THE COURT:  Granted.

21              Mr. Kirkland, you have waived your right to appeal your

22  sentence and your right to complain of it in a collateral

23  proceeding.  However, you have reserved from those waivers and

24  you do retain the right to complain of any errors in arithmetic

25  that I may have made in the calculation of your Total Offense

1  Level or your Criminal History Category.

2           Also, you have the right to challenge the voluntariness
3  of your plea of "guilty" and/or your waiver of appellate rights
4  and the right to complain of any ineffective assistance of
5  counsel.

6           If you decide to appeal on any ground, you do have the
7  right to apply for leave to appeal *in forma pauperis* if you are
8  unable to pay the cost of an appeal.

9           And I have before me an instrument entitled "Notice of
10 Right to Appeal Sentence" that the Court supplied to you and
11 you've signed and sent back.  Please understand, sir, that this
12 is the Court's notice to you that you have the right to appeal.
13 It is not your notice to the Court that you are, in fact,
14 appealing.  And if you decide to appeal, you must do so within 14
15 days in writing, filed with the Court.  Mr. Wisely will assist
16 you with that if you ask him to.

17          Mr. Kirkland, do you have any questions, sir?

18          THE DEFENDANT:  No, sir.  Thank you.

19          THE COURT:  Good luck to you.  You are remanded to the
20 custody of the United States Marshal.

21          MR. WISELY:  Your Honor?

22          THE COURT:  Yes, sir.

23          MR. WISELY:  May I move for the hearing to be sealed so
24 that no inferences could be drawn from the record regarding the
25 Government's motion or the dialogue?

1           THE COURT:  I don't think there's any -- any real
2  threat of that just because it's to be in the record.
3           MR. WISELY:  All right.  Thank you, Your Honor.
4           THE COURT:  Yeah.
5           (Hearing adjourned at 11:00 AM.)

CERTIFICATE OF OFFICIAL REPORTER

      I, Deborah A. Kriegshauser, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of Texas, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

      Dated this 13th day of November, 2023.


                      /s/ Deborah A. Kriegshauser
                      _____
                      DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                      FEDERAL OFFICIAL COURT REPORTER